UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Eva Bumagin,<br><br>                                  Plaintiff,<br>          -v-<br><br>The Mount Sinai Medical Center, Inc.,<br>Continuum Health Partners, Inc., and<br>Beth Israel Medical Center,<br>a/k/a Mount Sinai Beth Israel,<br><br>                                  Defendants. | Civ. Action #:<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

Plaintiff Eva Bumagin ("Plaintiff" or "Bumagin"), by Abdul Hassan Law Group, PLLC, her attorneys, complaining of Defendants The Mount Sinai Medical Center, Inc., Continuum Health Partners, Inc., and Beth Israel Medical Center, a/k/a Mount Sinai Beth Israel (collectively "Defendants"), respectfully alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff alleges that she was employed by Defendants, individually, and/or jointly and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), that she is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that she is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for such hours over forty in a week; and (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover her unpaid wages, and unlawful wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 USC § 216(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

7. Plaintiff Eva Bumagin ("Plaintiff" or "Bumagin") is an adult, over eighteen years old, who currently resides in Kings County in the State of New York.

8. Upon information and belief, Defendant The Mount Sinai Medical Center, Inc. ("Mount Sinai") was a New York corporation that owned/operated several hospitals in the New York Metropolitan area.

9. Upon information and belief, Defendant Continuum Health Partners, Inc. ("Continuum") was a New York corporation that owned and/or operated Beth Israel Medical Center.

10. Upon information and belief, Defendant Mount Sinai acquired Beth Israel Medical Center in or around July 2013. See http://www.bethisraelny.org/about-us/

11. Upon information and belief, and all times relevant herein, Defendant Beth Israel Medical Center ("BIMC") was a New York hospital located at 1st Avenue 16th Street, New York, NY 10003.

12. At all times relevant herein, Defendant Beth Israel Medical Center was listed as her employer on Plaintiff's W-2 tax forms and weekly wage statements.

13. At all times relevant herein, Defendants, individually and/or jointly employed Plaintiff.

## STATEMENT OF FACTS

14. Upon information and belief, and at all relevant times herein, Defendants owned/operated several hospitals in the New York Metropolitan area. See http://www.bethisraelny.org

15. Upon information and belief, and at all relevant times herein, Defendants, individually and/or jointly employed several hundred employees.

16. Plaintiff has been employed by Defendants, individually, and/or jointly from in or around 1999 to December 2013.

17. At all times relevant herein, Plaintiff was employed by Defendants to assist with patient care and well-being.

18. At all times relevant herein, Plaintiff was paid a regular rate of approximately $32.60 - $33.43 an hour.

19. Upon information and belief, and at all times relevant herein, Plaintiff worked about 46-50 hours each week for Defendants and likely more, 5 days a week.

20. At all times relevant herein, Defendants deducted half hour's pay for lunch from Plaintiff's weekly wages for each workday of the week. However, due to the demands of her job, Plaintiff generally took about 15 mins for her lunch break and sometimes she took no lunch

3

break at all.

21. At all times relevant herein, Plaintiff was not paid for all hours in a week, for each week during her employment with Defendants – Defendants withheld and willfully failed to pay Plaintiff all her wages due for all her hours worked in each week, including her overtime hours – the weekly pay statements reflected payment for a lot fewer hours than Plaintiff actually worked.

22. Upon information and belief, Defendants misclassified Plaintiff as overtime-exempt and never paid her for more than 37.5 hours a week.

23. Prior to the end of her employment, Defendants incorrectly told Plaintiff that she was not entitled to overtime pay when Plaintiff complained and asked for overtime pay.

24. A more precise statement of the hours and wages will be made when Plaintiff Bumagin obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

25. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

26. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the statements provided to Plaintiff did not contain all the hours worked by Plaintiff and did not state rates of pay, among other deficiencies.

27. The amount of Plaintiff's hours and wages will be refined when Defendants produce wage and time records it was required to keep under the FLSA and NYLL.

28. Plaintiff incorporates herein, accurate records of her time, wages and employment that Defendants were required to keep pursuant to the FLSA and NYLL.

29. Upon information and belief, and at all times relevant herein, Defendants had revenues and/or transacted business in an amount exceeding $500,000 annually.

30. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

31. At all times applicable herein and upon information and belief, Defendants conducted business in interstate commerce involving the purchase medical equipment and supplies.

32. Defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

33. Defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

34. At all times applicable herein and upon information and belief, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

35. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

36. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of one and one half times her regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

37. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

38. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of her federal and state minimum wage and overtime rights and failed to inform Plaintiff that she could seek enforcement of such rights through the government enforcement agencies.

39. "Plaintiff" as used in this complaint refers to the named Plaintiff.

40. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

41. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 40 above as if set forth fully and at length herein.

42. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly within the meaning of the FLSA – 29 USC 201 et Seq.

43. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

44. At all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

45. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times her regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

## Relief Demanded

46. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, individually and/or jointly, her unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq.  and 12 NYCRR 142-2.2 etc. (Unpaid Overtime)

47. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 45 above as if set forth fully and at length herein.

48. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

49. At all times relevant herein, Defendants <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than one and one-half times her regular rate of pay for each and all hours worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

### Relief Demanded

50. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, her unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

## AS AND FOR A THIRD CAUSE OF ACTION
## NYLL § 190, 191, 193, 195 and 198

51. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 50 above with the same force and effect as if fully set forth at length herein.

52. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning

of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

53. Defendants violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all her unpaid non-overtime wages, and overtime wages, Plaintiff was entitled to, as required by NYLL §§ 191, 193 and 198.

54. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

55. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

## Relief Demanded

56. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, her entire unpaid wages, including her unpaid non-overtime and overtime wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

57. Declare Defendants to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

58. As to the **First Cause of Action**, award Plaintiff her unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b );

59. As to her **Second Cause of Action**, award Plaintiff her unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorneys' fees pursuant to NYLL § 663;

60. As to her **Third Cause of Action**, award Plaintiff all outstanding wages, including unpaid non-overtime wages, and overtime wages, wage deductions, plus maximum liquidated damages, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendants to comply with NYLL 195(1) and NYLL 195(3).

61. Award Plaintiff prejudgment interest on all monies due;

62. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

63. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
      **November 11, 2016**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 _/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000

E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF