UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVA BUMAGIN,<br><br>                          Plaintiff,<br><br>                 v.<br><br>THE MOUNT SINAI MEDICAL CENTER, INC., CONTINUUM HEALTH PARTNERS, INC., and BETH ISRAEL MEDICAL CENTER a/k/a MOUNT SINAI BETH ISRAEL,<br><br>                          Defendants. | ECF CASE<br><br>Civ. Action No. 16-cv-8783(LAP)<br><br>**ANSWER** |

Defendants The Mount Sinai Medical Center, Inc. ("MSMC"), Continuum Health Partners, Inc. ("Continuum") and Beth Israel Medical Center a/k/a Mount Sinai Beth Israel ("BIMC") (collectively, "Defendants") hereby answer the Complaint filed by Eva Bumagin ("Plaintiff" or "Bumagin").

1. The allegations of this paragraph are denied.

2. The allegations of this paragraph are denied.

3. The allegations of this paragraph are denied.

4. The allegations of this paragraph are conclusions of law that require no response under the Federal Rules of Civil Procedure and are therefore denied.

5. The allegations of this paragraph are conclusions of law that require no response under the Federal Rules of Civil Procedure and are therefore denied.

6. The allegations of this paragraph are conclusions of law that require no response under the Federal Rules of Civil Procedure and are therefore denied.

7. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, except that Defendants admit that Plaintiff is over eighteen years old.

8. The allegations of this paragraph are denied, except Defendants admit that MSMC is a New York not-for-profit corporation.

9. The allegations of this paragraph are denied, except Defendants admit that Continuum is a New York not-for-profit corporation and was, until in or around September 2013, the sole member of BIMC.

10. The allegations of this paragraph are denied.

11. Defendants admit the allegations of this paragraph.

12. Defendants admit the allegations of this paragraph.

13. The allegations of this paragraph are denied, except Defendants admit that Plaintiff was employed by BIMC at the hospital currently known as Mount Sinai Brooklyn ("MSB").

14. The allegations of this paragraph are denied, except Defendants admit that BIMC comprises two hospitals in the New York metropolitan area, including MSB, and that until in or around September 2013, Continuum was the sole member of BIMC and other hospitals in the New York Metropolitan area.

15. The allegations of this paragraph are denied, except Defendants admit that BIMC employs at least several hundred employees.

16. The allegations of this paragraph are denied, except Defendants admit that BIMC employed Plaintiff from in or around 1999 through July 16, 2014.

17. The allegations of this paragraph are denied.

18. The allegations of this paragraph are denied, except Defendants admit that Plaintiff's regular rate of pay ranged from approximately $32.60 per hour to approximately $33.43 per hour from in or around 2011 through 2013.

19. The allegations of this paragraph are denied.

20. The allegations of this paragraph are denied.

21. The allegations of this paragraph are denied.

22. The allegations of this paragraph are denied, except Defendants admit that Plaintiff was not paid for more than 37.5 hours per week during the applicable limitations period.

23. The allegations of this paragraph are denied.

24. The allegations of this paragraph are denied.

25. The allegations of this paragraph are denied.

26. The allegations of this paragraph are denied.

27. The allegations of this paragraph are denied.

28. The allegations of this paragraph are denied.

29. The allegations of this paragraph are denied, except Defendants admit that BIMC has revenues and/or transacts business in an amount exceeding $500,000 annually.

30. The allegations of this paragraph are denied, except Defendants admit that BIMC conducts business with vendors and other businesses outside the State of New York.

31. The allegations of this paragraph are denied, except Defendants admit that BIMC conducts business in interstate commerce involving the purchase of medical equipment and supplies.

32. The allegations of this paragraph are denied.

33. The allegations of this paragraph are denied, except Defendants admit that BIMC engages in credit card transactions involving banks and other institutions outside the State of New York.

34. The allegations of this paragraph are denied, except Defendants admit that BIMC transacts business with financial institutions outside the State of New York.

35. Defendants admit the allegations of this paragraph.

36. The allegations of this paragraph are denied.

37. The allegations of this paragraph are denied.

38. The allegations of this paragraph are denied.

39. Defendants admit that Plaintiff purports to use the term "Plaintiff" in the way she describes.

40. Defendants admit that Plaintiff purports to use the terms "present" and "present time" in the way she describes.

41. Defendant reasserts its responses as set forth in each of the paragraphs above.

42. The allegations of this paragraph are conclusions of law that require no response under the Federal Rules of Civil Procedure and are therefore denied.

43. The allegations of this paragraph are conclusions of law that require no response under the Federal Rules of Civil Procedure and are therefore denied.

44. The allegations of this paragraph are denied, except Defendants admit that BIMC has revenues and/or transacts business in an amount exceeding $500,000 annually.

45. The allegations of this paragraph are denied.

46. The allegations of this paragraph are denied.

47. Defendant reasserts its responses as set forth in each of the paragraphs above.

48. The allegations of this paragraph are conclusions of law that require no response under the Federal Rules of Civil Procedure and are therefore denied.

49. The allegations of this paragraph are denied.

50. The allegations of this paragraph are denied.

51. Defendant reasserts its responses as set forth in each of the paragraphs above.

52. The allegations of this paragraph are conclusions of law that require no response under the Federal Rules of Civil Procedure and are therefore denied.

53. The allegations of this paragraph are denied.

54. The allegations of this paragraph are denied.

55. The allegations of this paragraph are denied.

56. The allegations of this paragraph are denied.

57. Defendants deny that Plaintiff is entitled to the requested relief, or to any relief whatsoever from Defendants.

58. Defendants deny that Plaintiff is entitled to the requested relief, or to any relief whatsoever from Defendants.

59. Defendants deny that Plaintiff is entitled to the requested relief, or to any relief whatsoever from Defendants.

60. Defendants deny that Plaintiff is entitled to the requested relief, or to any relief whatsoever from Defendants.

61. Defendants deny that Plaintiff is entitled to the requested relief, or to any relief whatsoever from Defendants.

62. Defendants deny that Plaintiff is entitled to the requested relief, or to any relief whatsoever from Defendants.

63. Defendants deny that Plaintiff is entitled to the requested relief, or to any relief whatsoever from Defendants.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Neither the Complaint nor any purported cause of action alleged therein state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint and each cause of action alleged therein is barred by the applicable statute of limitations, including but not limited to those set forth in 29 U.S.C. § 255(a) and NYLL § 198.

## THIRD AFFIRMATIVE DEFENSE

Defendants are exempt from coverage by the New York Labor Law 650 et seq. as non-profit institutions pursuant to Labor Law Section 652(3).

## FOURTH AFFIRMATIVE DEFENSE

Defendants and their agents acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted.

## FIFTH AFFIRMATIVE DEFENSE

Defendants did not violate any provision of the New York Labor Law, Fair Labor Standards Act, or any other statute, willfully or knowingly.  A good faith dispute exists as to whether Defendants' alleged conduct violated any such provisions.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint fails to allege facts sufficient to establish a claim for penalties or liquidated damages.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff worked over 40 hours per week, Defendants did not know, and could not reasonably have been expected to know, this fact.

## RESERVATION OF RIGHTS

Defendants hereby give notice that they intend to rely upon such other and further affirmative defenses as may become available during discovery in this action and reserve the right to amend this Answer to assert any such defenses.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by virtue of the Complaint;
2. That the Complaint be dismissed;
3. That judgment be entered in favor of Defendants and against Plaintiff;
4. That Defendants recover their costs of suit incurred herein, including attorney's fees; and

5. For such other and further relief as the Court may deem just and proper.

DATED: December 23, 2016

MOUNT SINAI HEALTH SYSTEM
OFFICE OF THE GENERAL COUNSEL

/s/ Andrew E. Rice
Andrew E. Rice
Assistant General Counsel
One Gustave L. Levy Place, Box 1099
New York, NY 10029
andrew.rice@mountsinai.org
212-659-8105 (phone)
212-348-2230 (fax)

*Attorneys for Defendants*
*The Mount Sinai Medical Center, Inc.,*
*Continuum Health Partners, Inc. and*
*Beth Israel Medical Center a/k/a*
*Mount Sinai Beth Israel*