February 21, 2017

**By ECF**

Hon. Loretta A. Preska, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2220
New York, New York 10007

    Re: *Bumagin v. The Mount Sinai Medical Center, Inc.*,
       Civil Action No. 16-CV-08783 (LAP)

Dear Judge Preska:

  As directed by the Court during the initial conference on January 20, 2017, we write jointly on behalf of our clients in the above-referenced action to update the Court on the status of the case and to set forth our respective positions on how to proceed.

**Status Update**

  On February 3, 2017, Defendants produced time records for Plaintiff for the period from December 26, 2010 through December 28, 2013.  Later that same day, Plaintiff identified Sam Rausman as the individual who allegedly told Plaintiff that she was not entitled to overtime pay.

  The parties have exchanged settlement proposals but have thus far been unsuccessful in their attempts to resolve this matter.

**Further Proceedings**

Plaintiff's Position

  At the outset of the January 20, 2017 initial conference, the Court asked defense counsel about Defendants record-keeping – especially the type of records the FLSA and NYLL required defendants to keep and maintain. In response, defense counsel represented to the Court that the time keeping consisted of an employee of Defendants entering Plaintiff's time. However, we can now confirm that Defendants utilized a timekeeping system manufactured by Kronos – a well-known system used to record contemporaneous work time. Unfortunately, it has been difficult to obtain clear answers from Defendants about the Kronos system – it appears that the contemporaneous Kronos time records support Plaintiff's claims that she worked overtime hours for which she was not paid.

Consistent with the Court's intent and directive at the initial conference, Plaintiff respectfully requests the this Honorable Court direct Defendants to provide an affidavit detailing all of its time-keeping practices and systems relating to Plaintiff. Defendants should also be directed to produce all time records relating to Plaintiff's work.

In terms of settlement, Plaintiff does not object to a referral to a Magistrate-Judge for settlement purposes. In the absence of settlement, Plaintiff would like to conduct full and proper discovery as to the claims and defenses in this action – including depositions of persons Defendants are required to identify in their Rule 26 initial disclosures.

Defendants' Position

Defendants maintain that Plaintiff's claims are entirely meritless. Nevertheless, Defendants are amenable to court-assisted mediation, and respectfully request referral to a Magistrate Judge for this purpose.

In the absence of settlement, Defendants would expect, at a minimum, to depose Plaintiff as well as Mr. Rausman, and reserve their rights to take all appropriate discovery. Defendants also reserve their rights to make a dispositive motion at the close of fact discovery.

While this joint letter is not the appropriate vehicle to address a discovery dispute, Defendants feel compelled to respond to Plaintiff's assertions and correct the record regarding time records, particularly Plaintiff's wholly speculative contention that "it appears that . . . contemporaneous Kronos time records support Plaintiff's claims that she worked overtime hours for which she was not paid."

It is correct that at the January 20 initial conference, Defendants' counsel stated that Defendants possess time records for Plaintiff, as entered by the timekeeper responsible for Plaintiff's former department. Thereafter, as stated above, Defendants produced those records as directed by the Court. On February 3, apparently unsatisfied by the records that Defendants produced, Plaintiff's counsel requested (by e-mail) that Defendants "provide records of the actual in and out times as directed by the Court," because "Plaintiff said she swiped in and out and defendants recorded her actual in an [sic] out times." Defendants' counsel responded that we did not understand the Court's directive on January 20 to require the production of swipe in/out records, and that in any event, to the extent such records even exist, they generally were not accurate or used for the purpose of timekeeping. Defendants' counsel also represented that swipe records from Plaintiff's department for the period at issue are generally no longer in Mount Sinai Brooklyn's possession. There is simply no basis for Plaintiff's assertion that such records support Plaintiff's claims that she worked overtime hours for which she was not paid.

Notwithstanding Defendants' transparency with respect to the swipe records, Plaintiff's counsel persists in demanding that Defendants produce such records, including by now seeking the Court's intervention. But Rule 26(g) of the Federal Rules of Civil Procedure requires that

"every discovery request . . . must be signed by at least one attorney of record . . .," and further provides that "[o]ther parties have no duty to act on an unsigned . . . request . . . ." Moreover, Rule 34(b)(2)(A) of the Federal Rules of Civil Procedure provides that a party to whom a request for production of documents is directed shall have 30 days to respond to such a request. Plaintiff's request for the Court's intervention here is entirely inappropriate because Plaintiff has neither made a proper request under Rule 26(g) nor afforded Defendants the requisite time to respond. In any event, Defendants *have responded* to Plaintiff's unsigned e-mail request in kind. To the extent Plaintiff deems this response inadequate, the appropriate course of action is to propound a proper discovery request consistent with the Federal Rules of Civil Procedure, to which Defendants will of course respond and/or object in a timely manner.

*   *   *

Thank you for your consideration.

Respectfully submitted,

| | |
|---|---|
| /s/ Abdul K. Hassan | /s/ Andrew E. Rice |
| Abdul K. Hassan | Andrew E. Rice |
| Abdul Hassan Law Group, PLLC | Assistant General Counsel |
| 215-28 Hillside Avenue | Mount Sinai Health System |
| Queens Village, New York 11427 | One Gustave L. Levy Pl., Box 1099 |
| (718) 740-1000 | New York, New York 10029 |
| abdul@abdulhassan.com | (212) 659-8105 |
| | andrew.rice@mountsinai.org |
| *Attorneys for Plaintiff* | |
| | *Attorneys for Defendants* |