## RELEASE AND SETTLEMENT AGREEMENT

This RELEASE AND SETTLEMENT AGREEMENT ("Agreement") is made by and between Eva Bumagin ("Bumagin") and Beth Israel Medical Center d/b/a Mount Sinai Brooklyn ("Beth Israel" or "Mount Sinai Brooklyn") (each a "Party" and collectively the "Parties").

WHEREAS, Bumagin filed a civil action in the United States District Court for the Southern District of New York, Docket 16-cv-8783, entitled <u>Eva Bumagin v. The Mount Sinai Medical Center, Inc., et al.</u> (the "Civil Action"), asserting violations of the Fair Labor Standards Act ("FLSA") and violations of the New York Labor Law ("NYLL") for alleged failure to pay straight time and overtime wages and other alleged violations; and

WHEREAS, the Parties desire to terminate the Civil Action and to settle in full any and all claims that Bumagin asserted in the Civil Action and any and all related wage and hour claims that Bumagin has or may have against Mount Sinai Brooklyn and all its past, present or future divisions, affiliates or related entities, employee benefit plans or funds, successors or assigns, including but not limited to The Mount Sinai Medical Center, Inc. ("MSMC") and Continuum Health Partners, Inc. ("CHP") (MSMC and CHP, together with Mount Sinai Brooklyn, hereinafter are referred to collectively as "Defendants"), and all its or their past, present or future officers, directors, employees, agents, trustees, faculty, administrators, insurers, attorneys, representatives or assigns, whether acting as agents of the foregoing or in their individual capacities (collectively the "Releasees"); and

WHEREAS, the Parties have considered the costs and risks attendant to litigation, and the value of the benefits claimed, and in view of these considerations, desire to enter into this Agreement.

NOW, THEREFORE, for valuable consideration, the Parties agree as follows:

1. <u>Wage Claims</u>.

    (a) Within thirty (30) business days after the Order Date (as defined in Section 7(d), below), Beth Israel shall make the following payments, which will be delivered to Bumagin's counsel, Abdul Hassan ("Bumagin's Counsel") at 215-28 Hillside Avenue, Queens Village, New York 11427:

    i. a check payable to "Eva Bumagin," in the gross amount of FOURTEEN THOUSAND DOLLARS ($14,000), which shall be treated as back wages and will be subject to payroll taxes and withholdings, and for which Beth Israel will issue an IRS Form W-2 to Bumagin. *E.B.*

    ii. a check payable to "Eva Bumagin," in the amount of FOURTEEN THOUSAND DOLLARS ($14,000), which shall be treated as liquidated and other damages, and for which Beth Israel will issue an IRS Form 1099 to Bumagin. No taxes will be withheld from this payment. *E.B*

    (b) By signing this Agreement, Bumagin acknowledges that she has received all compensation, wages, bonuses, commissions, and benefits to which she was entitled under law and that no leave, compensation, wages, bonuses, commissions or benefits are due to her. Bumagin further acknowledges that she has received adequate consideration in exchange for the promises she makes in this Agreement.

2. <u>Payment to Bumagin's Attorneys</u>. Within thirty (30) business days after the Order Date (as defined in Section 7(d), below) and receipt of a completed W-9 from Bumagin's Counsel, Beth Israel shall pay to Bumagin's Counsel for past, present and future attorneys' fees, costs and expenses incurred in the representation of Bumagin in the Civil Action, including the

2

settlement thereof, the total amount of FOURTEEN THOUSAND, FIVE HUNDRED DOLLARS ($14,500), representing payment of a 1/3 contingency fee and reimbursement of costs ($500) and disbursements, by check payable to Abdul Hassan Law Group, PLLC. No taxes will be withheld from this payment. Beth Israel will issue an IRS Form 1099 to Bumagin's Counsel for that amount.  *E.B.*

3. Indemnification. Plaintiff agrees to indemnify and hold harmless Defendants from and against all liens, liabilities, interest and penalties that may be assessed against or incurred by Defendants as a result of not deducting taxes or other withholdings or satisfying any liens or judgments against Plaintiff on the consideration provided for herein. Plaintiff shall promptly notify Defendants of any claim by the IRS or any other governmental authority arising from the payments in Paragraphs 1 and 2.

4. Release of Claims. In return for the payments identified in Sections 1 and 2, Bumagin knowingly and voluntarily releases and forever discharges Releasees of and from any and all claims asserted in the Civil Action and related wage and hour claims, consistent with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), as of the date of execution of this Agreement.

5. Non-Admission. This Agreement is not intended, and shall not be construed, as an admission that Mount Sinai Brooklyn and/or Releasees violated any federal, state or local law (statutory or decisional), ordinance or regulation, breached any contract or committed any wrong whatsoever against Bumagin.

6. Acceptance and Revocation. Bumagin understands and acknowledges that:

(a) She has the right to consult with an attorney, and has been advised by an independent counsel of her choice throughout all of the negotiations preceding the execution of this Agreement;

3

(b) She has had a reasonable amount of time to review, to consider, or to negotiate the terms of the Agreement and has taken as much time as she wished prior to signing the Agreement; and

(c) She may accept this Agreement by delivering a copy of the Agreement signed by both Bumagin and Bumagin's counsel to Andrew E. Rice, Mount Sinai Legal Department, 150 East 42nd Street, 2nd Floor, New York, NY 10017.

7. Agreement Contingent on Dismissal of the Civil Action.

(a) The Parties agree that following execution of the Agreement, the Parties shall cooperate and take all necessary and appropriate steps to dismiss the Civil Action with prejudice on the merits, including instructing their respective counsel in the Civil Action to execute promptly a Stipulation and Order of Dismissal with Prejudice (the "Stipulation and Order") in the form annexed hereto as Exhibit A. Bumagin agrees to direct her Counsel to deliver to counsel for Defendants, simultaneously with the delivery of a copy of this Agreement executed by Bumagin, an executed original of the Stipulation. Counsel for Defendants shall execute and file the Stipulation and Order with the Court. The Parties agree that they shall jointly request that the Court sign the Stipulation and Order dismissing the Civil Action and shall submit this Agreement to the Court for review and approval.

(b) If the Court does not approve this Agreement, and the basis for the Court's disapproval does not involve a material term of this Agreement, the Parties shall make good faith efforts to modify this Agreement so as to obtain the Court's approval; and provided further that if, for any reason, the Court does not approve this Agreement and sign the Stipulation and Order, this Agreement shall immediately become null and void *ab initio*, and of no further force or effect, and Beth Israel shall have no obligation to provide Bumagin with any payments or benefits set forth in this Agreement.

(c)     The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement, including, but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this Agreement. The Parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement and the terms set forth herein.

(d)     For purposes of this Agreement, the "Order Date" shall be the date of entry by the Court of a final Order dismissing the Civil Action with prejudice.

8.     <u>Voluntary and Knowing Acceptance</u>.  Bumagin acknowledges that she has been advised to consult with independent legal counsel of her own choosing with respect to the terms and conditions of this Agreement and that she has had an adequate opportunity to do so and has done so; that other than the terms contained in this Agreement, no other promises or agreements of any kind have been made to her or with her by any person or entity whatsoever to cause her to sign this Agreement; that she is competent to execute this Agreement; that she has had the opportunity to consider the terms of this Agreement for a reasonable period of time; that she has carefully read this Agreement in its entirety; that she has had an ample opportunity to consider this Agreement and to consult with any advisor(s) of her choice about it; that she understands all the terms of the Agreement and their significance; that she knowingly and voluntarily assents to all the terms and conditions contained herein; and that she is signing this Agreement voluntarily and of her own free will.

9.     <u>Interpretation of Agreement</u>.  Should any provision of this Agreement require interpretation or construction, the Parties agree that the entity interpreting or constructing this Agreement shall not apply a presumption against one party by reason of the rule of construction that a document is to be construed more strictly against the party who prepared the document.

10. Severability. If any part, term or provision of this Agreement is declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, such illegality, invalidity or unenforceability shall not affect the validity of other provisions of this Agreement, and the illegal, invalid or unenforceable part, term or provision shall be deemed to be severable and not part of this Agreement; provided, however, that if the release set forth in Section 4 is held to be invalid, the Parties will execute another release that is valid and enforceable.

11. Governing Law. The parties agree that the Agreement will be governed by the laws of the State of New York without regard to conflicts of law and that the Court in this action shall retain jurisdiction to resolve any disputes, including those arising from the settlement agreement.

12. Waiver of Breach. The waiver by any party of a breach of any provision hereof shall not operate or be construed as a waiver of any other breach by any party.

13. Headings/Captions. The headings and captions in this Agreement are provided for reference and convenience only. They shall not be considered part of the Agreement and shall not be employed in the construction of the Agreement.

14. Complete Agreement. This Agreement is the complete understanding between the Parties, nullifies and supersedes all previous agreements between Mount Sinai Brooklyn and Bumagin, and may not be changed orally.

_/s/ Eva Bumagin_
EVA BUMAGIN

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF Queens    )

On this 8th day of May, 2017, before me personally came Eva Bumagin, to me known and known to me to be the person described and who executed the foregoing Release and Settlement Agreement and she duly acknowledged to me that she executed the same.

_____
Notary Public

ABDUL HASSAN LAW GROUP, PLLC

By: _Abdul Hassan_____
Abdul K. Hassan, Esq.

Date: May 8, 2017

ANISA K. KHAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 01KH6323018
Qualified in Queens County
My Commission Expires 2/13/19

BETH ISRAEL MEDICAL CENTER
d/b/a MOUNT SINAI BROOKLYN

By: _Marisa Ognibene_____
Marisa Ognibene
Vice President, Human Resources & Administration

Date: May 17, 2017

7

## Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X
EVA BUMAGIN,

                Plaintiff,

        v.

THE MOUNT SINAI MEDICAL CENTER, INC.,
CONTINUUM HEALTH PARTNERS, INC. and
BETH ISRAEL MEDICAL CENTER a/k/a
MOUNT SINAI BETH ISRAEL,

                Defendants.
------------------------------------ X

No. 16 Civ. 8783 (LAP) (GWG)

**STIPULATION AND ORDER OF**
**DISMISSAL WITH PREJUDICE**

      IT IS HEREBY STIPULATED AND AGREED by and between the Plaintiff Eva Bumagin ("Plaintiff") and Defendants The Mount Sinai Medical Center, Inc., Continuum Health Partners, Inc., and Beth Israel Medical Center a/k/a Mount Sinai Beth Israel ("Defendants"), through their undersigned counsel who are authorized by their respective clients to execute this Stipulation and Order of Dismissal with Prejudice on their behalves, that pursuant to Fed. R. Civ. P. 41(a)(1)(ii), all claims in the above-captioned action be dismissed against Defendants, with prejudice, with each party to bear its own fees and costs, and, further, that Plaintiff is barred from bringing another claim against Defendants under the Fair Labor Standards Act, New York Labor Law, or any other state or local law for wages, including straight time and overtime wages.

8

ABDUL HASSAN LAW GROUP, PLLC

By: _____
Abdul K. Hassan, Esq.

*Attorneys for Plaintiff*

215-28 Hillside Avenue
Queens Village, New York, 11427
718-740-1000
abdul@abdulhassan.com

Dated: May 8, 2017

MOUNT SINAI HEALTH SYSTEM

By: _____
Andrew E. Rice, Esq.

*Attorneys for Defendants*

One Gustave L. Levy Place, Box 1099
New York, NY 10029
212-659-8105
andrew.rice@mountsinai.org

Dated: May 17, 2017

Dated:   New York, New York
         _____, 2017

**SO ORDERED:**

_____
Hon. Gabriel W. Gorenstein
United States Magistrate Judge

9